IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOACTZIN PARTNERS, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action. No. _____ |
| | § | |
| FIELDWOOD ENERGY LLC and | § | |
| OMIMEX PETROLEUM, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446, Defendants Fieldwood Energy LLC and Omimex Petroleum, Inc. (collectively "Defendants") hereby remove the above-entitled civil action from the 125th Judicial District Court of Harris, County Texas, to this United States District Court for the Southern District of Texas, Houston Division. As grounds for removal, Defendants respectfully show the Court as follows:

### I. Nature of Action

1. Fieldwood Energy LLC and Omimex Petroleum, Inc. are Defendants in the civil action styled *Hoactzin Partners, L.P., v. Fieldwood Energy LLC and Omimex Petroleum, Inc.*, Cause No. 2017-72612, in the 125th Judicial District Court of Harris County, Texas ("State Court Action"). Plaintiff Hoactzin Partners, L.P. filed the State Court Action on October 27, 2017, alleging breach of contract and seeking a declaratory judgment.

2. Plaintiff is the operator and co-owner of several offshore oil and gas properties located on the Outer Continental Shelf ("OCS"). The operation of these properties is governed, in relevant part, by three Joint Operating Agreements ("JOAs"). Fieldwood and Omimex are

successors-in-interest to the JOAs, from which Plaintiff's claims in the State Court Action arise. At issue in this case is whether the Plaintiff's actions as operator of the OCS properties at issue were reasonably prudent under the circumstances.

3. Pursuant to Local Rule 81, an Index of matters being filed with this Notice of Removal is attached as **Exhibit A**. A true and correct copy of Plaintiff's Original Petition is attached as **Exhibit B**. Defendants are filing an answer in the State Court Action concurrent with this Notice of Removal, which is attached as **Exhibit C**.

## II. Timeliness of Removal

4. Fieldwood was served with process on November 6, 2017. Omimex was served on November 7, 2017. Defendants file this Notice of Removal on December 6, 2017. Because Defendants file this Notice of Removal within thirty days of service of Plaintiff's Original Petition and the State Court Action has been pending for less than one year, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

## III. Grounds for Removal

5. This case is properly removed to federal court pursuant to 28 U.S.C. §1441(a) because Plaintiff's claim involves a federal question in that it arises under and is governed by a federal statute, the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §1331 *et seq*. OCSLA specifically confers upon this Court original jurisdiction over Plaintiff's claims. *See* 43 U.S.C. §1349(b)(1).

## IV. Basis for Federal Jurisdiction

6. OCSLA governs "cases and controversies arising out of, or in connection with any operation conducted on the outer Continental Shelf which involves exploration, development, or production of ... minerals ... or which involves rights to such minerals." 43 U.S.C. §1349(b)(1);

*In re Deepwater Horizon,* 745 F.3d 157, 163 (5th Cir. 2014). The United States Court of Appeals for the Fifth Circuit has interpreted this language as straightforward and broad. *In re Deepwater Horizon,* 745 F.3d at 163; *In re BP P.L.C. Sec. Lit.,* Civ. A. No. 4:12-cv-1836, 2012 WL 4739673, at *3 (S.D. Tex. Oct. 1, 2012) (Ellison, J.) (finding federal court jurisdiction under OCSLA in a securities law and common-law fraud suit); *see also EP Operating Ltd. P'ship v. Placid Oil Co.,* 26 F.3d 563, 568-69 (5th Cir. 1994) (finding federal court jurisdiction under OCSLA for partition suit).

7. To establish federal jurisdiction, Section 1349(b)(1) requires only that cases and controversies arise out of, or in connection with, an OSC operation. *EP Operating,* 26 F.3d at 569 (stating "the statute provides that there is jurisdiction for cases or controversies '*arising out of, or in connection with*' any '*operation*' conducted on the OCS for the development of the mineral resources." (citing 43 U.S.C. §1349(b)(1)); *see also In re BP P.L.C. Sec. Lit.,* Civ. A. No. 4:12-cv-1836, 2012 WL 4739673, at *3 (S.D. Tex. Oct. 1, 2012) (Ellison, J.) (recognizing the broad grant of jurisdiction and noting that OCSLA does not require that Plaintiff's claim have some impact on the OCS). The term "operation" contemplates the doing of some physical act on the OCS. *Amoco Prod. Co. v. Sea Robin Pipeline Co.,* 844 F.2d 1202, 1207 (5th Cir. 1998).

8. Plaintiff's Original Petition alleges that it and the Defendants are parties to at least three JOAs that govern the exploration, development, production and operations of certain OCS oil and gas properties. **Exhibit B** at ¶¶ 8-10. The properties at issue are the Ship Shoal Block 145 platform and wells and the Ship Shoal Block 159 well ("Properties"). *Id.* at ¶ 8. The JOAs attached to Plaintiff's Original Petition make clear that these properties are located on the OCS. *Id.*, Exs. A-C (covering federal leases OCS-G 24929 and OCS-G 11984).

3

9. Plaintiff alleges that it has provided Defendants their revenue interest portions for gas, condensate, liquids, and flash gas produced from the Properties. *Id.* at ¶ 12. Plaintiff further alleges that, pursuant to the JOAs, Defendants are required to reimburse Plaintiff for joint interest billings in proportion to their participating interests in the Properties. *Id.* at ¶ 11. Plaintiff claims that Defendants have breached the JOAs by failing to pay amounts due and owing, or in the alternative, by failing to assign their interests in the Properties to the remaining co-owners and paying their estimated share of plugging, abandonment and decommissioning costs. *Id.* at ¶¶ 17-18, 23. Plaintiff also alleges that, to the extent Defendants desire to withdraw their interests from the Properties, they have failed to assign their interests and remit their share of plugging, abandonment, and decommissioning costs. *Id.* at ¶¶ 18, 23. Plaintiff further contends that the monies allegedly owed by Defendants are "necessary to maintain the properties in good working condition." *Id.* at 1.

10. Defendants deny Plaintiff's claims. Defendants further contend that Plaintiff, as operator of the OCS properties, failed to act as a reasonably prudent operator by, among other things, re-leasing, without Defendants' consent, the Ship Shoal Block 145 property after that lease had expired when the property was uneconomic and not producing and continuing to operate the facility at Ship Shoal Block 159 when it also was uneconomic. **Exhibit C** at ¶ 2. Central to the determination of the issues in this case will be the decisions, communications, and elections made among the various parties to the JOAs regarding the operations to be conducted on the subject properties. Moreover, the JOAs at issue were entered into for the purpose of exploring, developing, producing, and operating the OCS properties. The pleadings make clear that this case concerns a dispute arising out of or concerning operations conducted on the OCS.

4

11. Because the dispute in this case arises out of, or in connection with, operations on the OCS, Plaintiff's claims are governed by OCSLA and this Court has original jurisdiction over the claims. 43 U.S.C. §1349(b)(1). Because this Court has original jurisdiction, this action has been properly removed pursuant to 28 U.S.C. § 1441(a).

12. All documents required to be filed with this Notice of Removal pursuant to Local Rule 81 are attached to this Notice as **Exhibits A-G**.

13. A copy of this Notice of Removal has been served on Plaintiff, through its counsel of record, and filed with the Clerk of the District Court of Harris County, Texas as required by 28 U.S.C. § 1446(d).

14. By filing this Notice of Removal, Defendants do not waive their right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure.

## V. Conclusion and Prayer

15. WHEREFORE, Defendants Fieldwood Energy LLC and Omimex Petroleum, Inc. pray that this Court will make the proper orders to affect the removal of this cause from the District Court of Harris County, Texas, to this Court; and that this Court will make such other orders as may be appropriate to effectuate the preparation and filing of a true record in this cause in all proceedings that may have been had in the District Court of Harris County, Texas.

Respectfully submitted,

**BECK | REDDEN LLP**

*/s/ Alex B. Roberts*
    Alex B. Roberts
    State Bar No. 24056216
    S.D. Tex. Bar No. 865757
1221 McKinney Street, Suite 4500
Houston, Texas 77010
713.951.3700
713.951.3720 (Fax)

**ATTORNEY-IN-CHARGE FOR DEFENDANTS FIELDWOOD ENERGY LLC AND OMIMEX PETROLEUM, INC.**

**OF COUNSEL:**
BECK | REDDEN LLP
Leslie Honey Tronche
State Bar No. 24078681
S.D. Tex. Bar No. 1725410
1221 McKinney Street, Suite 4500
Houston, Texas 77010
713.951.3700
713.951.3720 (Fax)

1942.00012/617459v2

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing pleading was served on the following counsel of record via mail and/or facsimile on the 6th day of December 2017:

David E. Harrell, Jr.
Nicholas P. Dickerson
Locke Lord LLP
2800 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
dharrell@lockelord.com
ndickerson@lockelord.com

*/s/ Alex B. Roberts*
Alex B. Roberts

1942.00012/617459v2